IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



FILED
AUG 05 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | Case No. |
| v. | § | SA25CA0955 FB |
| GREEN LIGHT SOLAR, LLC | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This action seeks statutory damages and injunctive relief to stop Defendant Green Light Solar, LLC from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls to market solar panel goods and services. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2. Defendant and its agents utilized deceptive practices, including the use of spoofed telephone numbers, to conceal their identity and continue their unwanted solicitations. When Plaintiff attempted to obtain identifying information, Defendant's agents were evasive, forcing Plaintiff to feign interest simply to identify the true party responsible for the calls. Upon identifying the calling party as Green Light Solar LLC, Plaintiff made a clear and unambiguous request to not be called again and to be placed on its internal do-not-call list. Defendant's conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

## BACKGROUND ON THE TCPA

3. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*)*. The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7.      Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8.      In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendant's telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9.      This Court has personal jurisdiction over the Defendant as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendant purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

11.     Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12.     Defendant Green Light Solar LLC is a Texas limited liability company and may be served with process through its registered agent, Fred Royce Franzoni, at 11767 Katy Frwy Ste. 1100, Houston, TX 77079.

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

14. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

15. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

16. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

17. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

18. Plaintiff has never had any prior business relationship with Defendant, has never been a customer, and has never granted express written consent to Defendant or any entity acting on their behalf to receive telemarketing calls.

19. On or around December 2024, Plaintiff began receiving a barrage of unsolicited telemarketing calls regarding solar panels from various telephone numbers. On each of these prior occasions, when Plaintiff attempted to inquire about the caller's identity or the name of the company they represented, the caller would abruptly terminate the call. This consistent pattern of evasion and concealment made it impossible for Plaintiff to identify the responsible party and make a do-not-call request.

20. On or about January 4, 2025, at approximately 5:39 PM, Plaintiff received an unsolicited telemarketing call on his cellular telephone from the number 863-238-8789. The caller began soliciting the sale of solar panel goods and services.

4

21. When Plaintiff asked the caller to identify the company he was representing, the caller was evasive and refused to provide a direct answer. Instead, the caller described his operation as "general contractors". Due to this refusal to provide identifying information, Plaintiff was forced to feign interest in the solicitation for the sole purpose of identifying the entity responsible for the unlawful calls. The caller then informed Plaintiff that he would be contacted by a specialist named "Sean Branch."

22. Shortly thereafter, on or about January 4, 2025, at approximately 6:03 PM, Plaintiff received a second telemarketing call, this time from Sean Branch from the telephone number 404-558-2444. During this call, Sean Branch confirmed he was calling to sell solar panels and explicitly identified his company as Defendant Green Light Solar LLC, stating, "the installer that we use here is Green Light Solar."

23. Upon successfully identifying the responsible party as Green Light Solar LLC, Plaintiff immediately and unequivocally requested to be placed on Defendant's internal do-not-call list. Plaintiff clearly stated that he was not interested and demanded that Defendant cease all future telemarketing calls to his number.

24. In blatant disregard of Plaintiff's direct and unambiguous do-not-call request, Plaintiff received a third unsolicited telemarketing call just six minutes later, at approximately 6:09 PM. This call originated from the same number as the first call, 863-238-8789, demonstrating a coordinated effort and a systemic failure to honor do-not-call requests.

25. The caller in this third instance, aware of the preceding conversation with Sean Branch, inquired as to why I wasn't interested and attempted to again sell Plaintiff solar panels. Plaintiff once again stated he was not interested and repeated his demand to be added to the do-not-call list.

5

26.     The initial caller and Sean Branch were acting as agents for Defendant Green Light Solar LLC, with its full knowledge, direction, and authority. The purpose of these multiple calls within a short timeframe was to solicit the sale of Defendant's solar panel goods and services for Defendant's financial benefit. Defendant is therefore directly and/or vicariously liable for the unlawful calls placed to Plaintiff.

27.     Defendant's actions of calling Plaintiff's telephone number, which has been registered on the National Do Not Call Registry for over a decade, and continuing to call after Plaintiff made a specific do-not-call request, constitute willful and knowing violations of the TCPA and Texas law.

28.     Defendant's actions of repeatedly calling Plaintiff's residential telephone number using deceptive tactics, were willful and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, wasted time, anxiety, depletion of his cellular phone's battery life and intrusion upon seclusion.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

29.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

30.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31.     At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendant's calls.

32. Defendant, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of its solar panel goods and services.

33. Defendant did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

34. The aforementioned violations were made willfully and knowingly. Defendant's willful intent is evidenced by their use of spoofed telephone numbers to conceal their true identity and their agents' practice of abruptly terminating calls when questioned.

35. As a direct and proximate result of Defendant's violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendant's violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

### COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

37. Defendant engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of solar panel goods and services.

38. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

39. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on July 21, 2025, confirming that the Defendant is not registered

as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

40. Defendant's failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

41. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Texas Business and Commerce
### (Tex. Bus. & Com. Code § 305)

42. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

43. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

44. As alleged in detail in Count I, Defendant violated 47 U.S.C. §227(c) by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call List.

45. Because Defendant's conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

46. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

47. Furthermore, because Defendant's violations were committed knowingly or intentionally, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendant:

A. For Defendant's violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendant's violations of the TCPA, 47 U.S.C. § 227(b), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

C. For Defendant's violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

D. For Defendant's violations of the Texas Business & Commerce Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

E. Issue a permanent injunction prohibiting Defendant, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

F. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

G. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 21, 2025

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663