IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-955-FB |
| | § | |
| GREEN LIGHT SOLAR, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on January 13, 2026 (ECF No. 19). According to the CM/ECF system, the Report and Recommendation was electronically transmitted to the Plaintiff on January 14, 2026, and mailed by certified mail, return receipt requested to Defendant Green Light Solar, LLC's registered agent, Fred Royce Franzoni, and Defendant Green Light Solar, LLC's Managing Member, James Allen Garrett on January 14, 2026 (ECF No. 20). The CM/ECF system further reflects that the return receipt requested card indicating receipt by Mr. Franzoni was received by the Court on January 27, 2026 (ECF No. 22). According to USPS tracking, the certified mail addressed to Mr. Garrett with number 9589 0710 5270 3847 6556 83, was "delivered to an individual at the address at 5:53 pm on January 20, 2026 in HUMBLE, TX 77346." https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052703847655683 last visited on April 26, 2026. To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id.* at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Motion for Final Default Judgment (ECF No. 13) shall be GRANTED IN PART and Plaintiff shall be awarded damages and costs as follows:

(1)   $2,500 in statutory damages pursuant to TCPA, 47 U.S.C. § 227(c);

(2)   $15,000 in statutory damages pursuant TBCC §§ 302.101 and 302.302(a); and

(3)   $405 in costs.

Defendant shall also pay post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961, until the Judgment is paid in full.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on January 13, 2026 (ECF No. 19), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Motion for Final Default Judgment (ECF No. 13) is GRANTED IN PART and Plaintiff is hereby AWARDED damages and costs as follows:

(1)   $2,500 in statutory damages pursuant to TCPA (Telephone Consumer Protection Act), 47 U.S.C. § 227(c);

(2)   $15,000 in statutory damages pursuant TBCC (Texas Business and Commerce Code) §§ 302.101 and 302.302(a); and

(3)   $405 in costs.

IT IS FURTHER ORDERED that Plaintiff is AWARDED post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961, from the date of entry of this Judgment until the Judgment is paid in full at the rate of 3.68%.

IT IS FURTHER ORDERED that all other relief is DENIED.

IT IS FINALLY ORDERED that motions pending, if any, are DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of April, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE